Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| AKYNA PRO, LLC<br><br>Recurrida<br><br>v.<br><br>PURA ENERGÍA, INC.<br><br>Peticionaria | KLCE202400708 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número: SJ2020CV06586<br><br>Sobre: Acción Resolutoria |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece la parte peticionaria, Pura Energía, Inc., mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 20 de mayo de 2024, notificada al día siguiente. En lo pertinente, el foro recurrido declaró No Ha Lugar la solicitud de desestimación promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado. Veamos.

**I**

El presente recurso tiene su génesis el 4 de diciembre de 2020, cuando Akyna Pro, LLC (Akyna o recurrida) incoó una *Demanda* sobre incumplimiento de contrato y daños y perjuicios en contra de Pura Energía, Inc. (Pura Energía o peticionaria), su agente residente José E. García Santiago y Universal Insurance Company.[1] En síntesis, alegó que las partes suscribieron un contrato de servicios

---

[1] Entrada Núm. 1 del Caso Núm. SJ2020CV06586 en el Sistema de Manejo y Administración de Casos (SUMAC).

Número Identificador

RES2024 _____

para el diseño, programación, construcción e instalación de un sistema fotovoltaico (*microgrid*). Arguyó que Pura Energía representó que tenía la capacidad para realizar el proyecto y que el mismo estaría instalado y funcionando para finales del año 2018, lo cual incumplió. En vista de ello, solicitó la resolución del contrato, el resarcimiento por el incumplimiento contractual, una compensación por los daños y perjuicios sufridos, más gastos, costas y honorarios de abogado.

Posteriormente, el 12 de abril de 2022, Pura Energía presentó una *Moción Solicitando se Dicte Sentencia de Desistimiento con Perjuicio Conforme a Acuerdo Transaccional y Solicitud de Imposición de Honorarios de Abogado*, junto a la cual anejó una copia del *Acuerdo de Transacción, Relevo de Responsabilidad Total y Confidencialidad* firmado por las partes.[2] En esencia, indicó que, el 2 de diciembre de 2021, las partes habían llegado a un acuerdo y, según lo estipulado, removió el equipo de las facilidades de Akyna. Especificó que, en una de las cláusulas del referido acuerdo establecieron que, luego de removido el equipo del techo, en un término de cinco (5) días, se debía realizar una inspección con el propósito de certificar que no ocurrieron daños como resultado de la remoción. Detalló que, luego de realizada la inspección, Akyna había expresado su insatisfacción porque el trabajo de sellado de techo era deficiente, pero que, en ningún momento, alegó que sus facilidades sufrieron daños. Según adujo, el acuerdo transaccional claramente establecía que, una vez finiquitadas las condiciones del mismo, Akyna presentaría una moción de desistimiento con perjuicio, lo cual no hizo. Por tal razón, solicitó que, conforme a lo establecido en el acuerdo firmado por las partes, el foro primario dictara sentencia de desistimiento con perjuicio.

---

[2] Entrada Núm. 41 del Caso Núm. SJ2020CV06586 en el SUMAC.

Por su parte, el 2 de mayo de 2022, Akyna se opuso.[3] Señaló que las partes llegaron a un acuerdo transaccional confidencial. Planteó que no procedía el desistimiento voluntario hasta tanto ambas partes certificaran que no existían daños como resultado de la remoción en cuestión, lo cual no había ocurrido. Arguyó que Pura Energía había incumplido con dicho acuerdo por no devolver el techo de las facilidades a su estado original, condición esencial del contrato, y por causar daños al mismo. En virtud de ello, aseveró que no venía obligada a desistir de su reclamación, la cual eventualmente sería enmendada para incluir esos daños.

Luego de varias incidencias procesales, el 15 de marzo de 2024, el Tribunal de Primera Instancia emitió y notificó una *Sentencia Sumaria por Acuerdo Transaccional*.[4] Expresó que el acuerdo, según redactado, no se podía elevar a sentencia, pero determinó estar en posición de dictarla interpretando su contenido. Después de realizar un análisis al amparo de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, emitió el dictamen por la vía sumaria, mediante el cual decretó, según estipulado en el acuerdo extrajudicial, el desistimiento con perjuicio del caso de epígrafe.

Insatisfecha, el 3 de mayo de 2023, Pura Energía instó un recurso de apelación ante esta Curia, con denominación alfanumérica KLAN2023003961.[5] Evaluado el recurso, el 30 de junio de 2023, notificada el 6 de julio del mismo año, este Panel emitió una *Sentencia* mediante la cual revocamos el dictamen apelado.[6] Indicamos que del expediente no surgía que el foro primario hubiera autorizado enmiendas a las alegaciones en aras de dilucidar la eficacia del acuerdo extrajudicial antes de proceder a

---

[3] Entrada Núm. 45 del Caso Núm. SJ2020CV06586 en el SUMAC.
[4] Entrada Núm. 64 del Caso Núm. SJ2020CV06586 en el SUMAC.
[5] Entrada Núm. 69 del Caso Núm. SJ2020CV06586 en el SUMAC.
[6] Apéndice del recurso, págs. 117-134.

dictar la sentencia apelada. Explicamos que se trataba de un contrato de transacción extrajudicial suscrito después de iniciado el pleito, sin previa aprobación del foro sentenciador, y las partes nunca solicitaron incorporar el referido acuerdo como una novación a su contrato original con el fin de enmendar sus alegaciones. Puntualizamos que el foro de origen no acogió el acuerdo transaccional que las partes firmaron extrajudicialmente, sino que procedió a dictar sentencia sin estar en posición para ello. Además, aun cuando ninguna de las partes había instado un petitorio sumario, el foro *a quo* dispuso del caso por la vía sumaria sin que se cumpliera con lo exigido por la precitada Regla 36. Por consiguiente, concluimos que el foro primario incidió en el manejo y adjudicación de los asuntos ante su consideración.

Así las cosas, el 12 de septiembre de 2023, Akyna presentó una moción mediante la cual solicitó que se incorporara el acuerdo transaccional al proceso.[7] De igual forma, peticionó que se le permitiera enmendar la demanda para añadir dicho acuerdo en los sucesos ocurridos con posterioridad a la radicación de la demanda original.

Al día siguiente, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual dejó sin efecto la *Sentencia* dictada el 15 de marzo de 2023, conforme a lo resuelto por este Foro apelativo.[8] A su vez, señaló una vista para atender todos los asuntos pendientes.

El 26 de septiembre de 2023, Pura Energía instó una *Moción de Desestimación.*[9] Sostuvo que la enmienda solicitada no procedía, toda vez que las controversias en el presente pleito eran cosa juzgada, y lo que procedía era que Akyna presentara una nueva acción sobre incumplimiento de contrato. Argumentó que existía un

---

[7] Apéndice del recurso, págs. 73-75.
[8] Íd., pág. 70.
[9] Íd., págs. 61-63.

contrato de transacción extrajudicial entre las partes en el cual se acordó que las disposiciones de ese acuerdo constituían una adjudicación final de cualquier asunto comprendido en el mismo y tendría el efecto inmediato de cosa juzgada para todos los efectos legales pertinentes. Sobre ello, aseveró que las partes acordaron que Akyna presentaría una moción de desistimiento, lo cual no había hecho. En su opinión, interpretó que, en la *Sentencia* del KLAN2023003961, este Tribunal de Apelaciones intrínsecamente confirmó que procedía la desestimación del caso de epígrafe, no por la vía sumaria, sino por cosa juzgada. Por tanto, solicitó el archivo del caso.

En respuesta, el 18 de octubre de 2023, Akyna se opuso.[10] Planteó que el Tribunal de Apelaciones no determinó que procedía la desestimación de la demanda por cosa juzgada, sino que concluyó que el acuerdo extrajudicial nunca fue avalado por el foro primario, por lo que no había adquirido validez jurídica. Alegó que tampoco procedía levantar la defensa de cosa juzgada en el presente caso, por no darse los requisitos exigidos por dicha doctrina. Sostuvo que, conforme a lo resuelto por el Foro intermedio, podía solicitar que se enmendaran las alegaciones de la demanda y, de esa forma, incorporar el lenguaje utilizado en el acuerdo transaccional para demostrar que Pura Energía no había cumplido con lo que se comprometió a hacer en el acuerdo extrajudicial.

Luego de varios trámites procesales, el 20 de mayo de 2024, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Resolución y Orden* que nos ocupa.[11] En lo pertinente, el foro primario declaró No Ha Lugar la solicitud de desestimación promovida por Pura Energía. Expresó que, contrario a lo propuesto

---

[10] Apéndice del recurso, págs. 52-59.
[11] Íd., págs. 33-36.

por Pura Energía en su moción, este Foro intermedio no aplicó la doctrina de impedimento colateral por sentencia.

En desacuerdo, el 4 de junio de 2024, Pura Energía presentó una *Moción de Reconsideración, Determinaciones de Hecho y Derecho y Delimitación Definida del Tracto Judicial.*[12] El mismo día, el foro *a quo* declaró No Ha Lugar la solicitud y reiteró su *Resolución y Orden* del 20 de mayo de 2024, a tenor con las determinaciones y el mandato de esta Curia, en todas sus partes.[13]

Inconforme, el 28 de junio de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la moción de desestimación en el presente caso.

> Erró el Tribunal de Primera Instancia[,] en la alternativa[,] al no resolver la enmienda a la demanda solicitada delimit[á]ndola exclusivamente a las alegaciones de incumplimiento del acuerdo transaccional.

En cumplimiento con nuestra *Resolución* del 2 de julio de 2024, y luego de una prórroga a esos efectos, la parte recurrida compareció mediante *Oposición a Escrito de Certiorari* el 23 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo

---

[12] Apéndice del recurso, págs. 19-25.
[13] Íd., pág. 18.

abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de

Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la

discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea en su primer señalamiento de error que el Tribunal de Primera Instancia incidió al declarar No Ha Lugar su moción de desestimación. Sostiene que el foro *a quo* tenía que desestimar el caso de epígrafe, toda vez que era cosa juzgada. Como segundo señalamiento de error, en la alternativa, alega que el foro recurrido erró al no resolver la enmienda a la demanda solicitada por la parte apelada. Arguye que el foro de origen debe denegar dicha solicitud o limitar las enmiendas exclusivamente a las alegaciones sobre incumplimiento del acuerdo transaccional.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de desestimación promovida por la parte peticionaria, y al no adjudicar la solicitud de enmienda a la demanda presentada por la parte recurrida, ello a fin de que podamos soslayar la norma de

abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

## IV

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones